UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOEL GREENMAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| SONNENSCHEIN FINANCIAL SERVICES, INC., | ) ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Joel Greenman, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FCRA and FDCPA, and to recover damages for Defendant's violations of the FCRA and FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA, 15 U.S.C. § 1681(p) of the FCRA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Joel Greenman, ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt. Plaintiff is a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Sonnenschein Financial Services, Inc., ("Defendant") is an Illinois corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant maintains a registered agent within the State of Illinois and conducts extensive and substantial business in Illinois. (Exhibit A, Record from Illinois Secretary of State).

6. Defendant is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation). In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Plaintiff is a consumer who purchased a time-share membership from American Resorts International ("American") in 1992 for personal and family use, and became obligated to make monthly payments thereafter. Plaintiff thus incurred a "debt" as that term is defined by §1692a(5) of the FDCPA.

8. After having paid for the time-share in full, Plaintiff could not afford to continue to make assessment payments to American, and as a result he defaulted on his obligation in 1997.

9. Plaintiff made his last payment to American in 1997.

10. Thereafter, the defaulted obligation ("alleged debt") corresponding to the American account "(Account")" was assigned, consigned, or placed with Defendant for the purpose of collection from the Plaintiff.

11. Defendant thereafter caused the alleged debt to be reported on Plaintiff's credit reports, including on Plaintiff's Experian credit report within the last year.

12. Defendant caused a tradeline to be reported on Plaintiff's Experian report for the amount of $2371, within the last year. (Exhibit C, Excerpt from Plaintiff's August 8, 2012 Experian credit report showing Defendant's tradeline reported in the amount of $2371).

13. Defendant caused a second tradeline to be reported on Plaintiff's Experian report for the amount of $3562, within the last year. (Exhibit C, Excerpt from Plaintiff's August 8, 2012 Experian credit report showing Defendant's tradeline reported in the amount of $3562).

14. Defendant caused two separate tradelines to be reported by Experian for the same alleged debt.

15. On or around July 11, 2012 Plaintiff initiated a reinvestigation of the tradelines reported for the alleged debt by electronically sending a written communication to the Experian credit reporting bureau stating that he did not owe the money being sought by Defendant, in the amounts reported to and by Experian.

16. During the course of the investigation that was performed by Experian as the result of the reinvestigation request initiated by Plaintiff and received by Experian, Experian forwarded to Defendant all relevant information regarding the dispute of the

alleged debt, that Plaintiff had provided to Experian regarding the alleged debt, and thus Defendant received notice of the dispute from Experian.

17. During the course of the investigation initiated by Plaintiff, Defendant received a Consumer Dispute Verification Form ("CDV") from Experian regarding Plaintiff's alleged Account tradelines that were being reported to and by Experian.

18. In response to the CDV that it received from the Experian credit reporting agency, regarding the Account tradelines, Defendant purported to conduct an investigation of Plaintiff's dispute within 30 days of its receipt of the dispute form.

19. Defendant, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to the Experian credit reporting agencies that it could legally report that Plaintiff owed $3562.00 to the Defendant or American.

20. Defendant, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to the Experian credit reporting agencies that Plaintiff owed $2731.00 to the Defendant or American.

21. Defendant misrepresented the truth and reported false credit information when it verified, to the Experian credit reporting agency in July 2012, that Plaintiff owed Account balances of $3562.00 and $2731.00, and that said balances were properly being reported.

22. Any reasonable investigation by Defendant, as to the accuracy of the Account debt being reported would have revealed that Plaintiff did not owe Defendant, or American, the amounts being reported, and that the debt was too old to be reported on Plaintiff's credit report.

23. Defendant did not perform a reasonable investigation of Plaintiff's dispute, and did not consider information reasonably available to it when it "verified" to the Experian credit reporting agency that Plaintiff owed Defendant, or American, $3562.00 and $2731.00 on the Account, and that it could legally report the balances in July, 2012.

24. Defendant is still falsely reporting, to Experian, that Plaintiff owes two separate balances on the Account. (Exhibit D, Excerpt from Experian report dated September 26, 2012 showing Defendant's tradelines).

25. Under the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., a credit bureau (consumer reporting agency) may not report "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. §1681 c(a)(4). The 7 year period "shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charged to profit and loss, or similar action." 15 U.S.C. §1681 c(c)(1) (FCRA § 605).

26. The "commencement of the delinquency" in Section 605 of the FCRA has been defined by the Federal Trade Commission as the date upon which a "consumer falls behind on an account and never catches up". (Exhibit E, FTC Informal Staff Letter).

27. Plaintiff fell behind on his Account in 1997, did not make any further payments on his Account after that time, and never caught up thereafter.

28. The alleged debt thus became delinquent more than 7 years and 180 days prior to the date Defendant verified to Experian that Plaintiff owed both the $3562.00 and $2731.00 amounts for the alleged debt, and that said amounts were being properly reported to Experian.

29. Defendant could not legally cause any information relating to the alleged debt to be reported on Plaintiff's Experian credit report, at the time it verified to Experian that Plaintiff owed both $3562.00 and $2731.00 amounts to Defendant or American, as the information relating to the alleged debt was "obsolete" at the time it verified the same.

30. On August 1, 2012, Plaintiff and his ex-wife, Cheryl Greenman, had a conversation in connection with the collection of the alleged debt, with an employee or agent of Defendant who identified herself as Joy.

31. During the pendency of the August 1, 2012 conversation, Joy told Plaintiff and Cheryl that Plaintiff's obligation to Defendant or American had been "foreclosed upon", and that the Account went into foreclosure on June 4, 2012.

32. Upon information and belief, no foreclosure lawsuit had ever been filed against Plaintiff on his alleged debt to Defendant or American, and Defendant thus intentionally misrepresented this fact to cause Plaintiff emotional distress in order to induce him to pay the alleged debt.

33. Plaintiff would call Defendant repeatedly to try to resolve the issue of the alleged debt, and Defendant would repeatedly hang up on Plaintiff in mid-sentence when Plaintiff would ask questions material to the alleged debt.

34.     During the pendency of a second telephone conversation between Plaintiff and an agent or employee of Defendant who did not identify himself, that ensued on August 1, 2012, Plaintiff was falsely told that the alleged debt was no longer being collected by Defendant, but had been assigned to the law firm of Cash & Associates.

35.     On August 11, 2012, Plaintiff received a letter from Defendant that purports to verify the alleged debt. Defendant's letter and attached documents, on their face, show that Plaintiff had not made a payment to Defendant or American since some time before March 2, 2000. (Exhibit F, Letter from Defendant dated August 9, 2012).

36.     Defendant's letter and attached documents, on their face, reveal that the alleged debt Defendant has caused to be reported to Plaintiff's credit reports, within the last year, became delinquent substantially more than 7 years and 180 days before they were reported by Experian. Defendant's letter also reveals that its previous statement that the Account had been transferred to the law firm of Cash & Associates was false.

37.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*

38.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-37 above as if fully set forth herein.

39.     Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation after the Experian credit reporting bureau contacted Defendant in response to Plaintiff's dispute, when Defendant falsely verified: a) that Plaintiff owed balances on the Account that he did not, and b) that it was

properly reporting the two tradelines that pertain to the alleged debt.

40. Defendant committed such violations willfully or negligently, thereby violating 15 U.S.C. § 1681n or § 1681o.

WHEREFORE, Plaintiff, Joel Greenman, respectfully requests that judgment be entered against Defendant for the following:

    a. Appropriate actual, punitive, and statutory damages;

    b. Plaintiff's attorney fees, litigation expenses and costs of suit;

    c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

41. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-40 above as if fully set forth herein.

42. Defendant's violations of the FDCPA include, but are not limited to:

    A. Defendant violated §1692d by engaging in conduct, as set forth and described in the above paragraphs, the natural consequence of which is to oppress, harass, and abuse the Plaintiff;

    B. Defendant violated §1692e by misrepresenting to the Experian credit reporting agency, as well as all to all those that viewed Plaintiff's Experian credit report within the last year, that Plaintiff owed a debt that he did not owe;

    C. Defendant violated §1692e by deceptively causing Experian to report two separate tradelines for the same alleged debt;

    D. Defendant violated §1692e by falsely informing Plaintiff that he had been "foreclosed upon" with respect to the alleged debt;

    E. Defendant violated §1692e by deceptively causing Experian to report the alleged debt well past the period during which it was legally allowed to do so;

    F.    Defendant violated §1692e by deceptively and falsely telling Plaintiff that the Account had been transferred to the law firm of Cash & Associates, and that the Account was no longer with Defendant;

    G.    Defendant violated §1692e(2) when it falsely and deceptively misrepresented the amount of the alleged debt to the Experian credit reporting agency, which caused false information on the amount of the alleged debt to appear on Plaintiff's credit report;

    H.    Defendant violated §1692e(8) by communicating false credit information to Experian regarding Plaintiff's alleged debt;

    I.    Defendant violated §1692f by sending Plaintiff a letter dated August 9, 2012, that unfairly states that it will instruct Experian to remove its tradeline if the alleged debt is paid in full, when in fact it was not legally allowed to cause the debt to be reported by Experian at that time;

    J.    Defendant violated §1692f by misrepresenting to the Experian credit reporting agency, as well as all to all those that viewed Plaintiff's Experian credit report within the last year, that Plaintiff owed a debt that he did not owe;

    K.    Defendant violated §1692f by deceptively causing Experian to report two separate tradelines for the same alleged debt;

    L.    Defendant violated §1692f by unfairly telling Plaintiff that the Account had been transferred to the law firm of Cash & Associates, and that the Account was no longer with Defendant;

    M.    Defendant violated §1692f(1) by attempting to collect an amount of money from the Plaintiff that was not authorized by the agreement creating the alleged debt, or by law;

43.    As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress and loss of credit, and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff, Joel Greenman, respectfully requests that judgment be entered against Defendant for the following:

      a.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      b.      Actual damages;

      c.      Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

      d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                            By:  s/ Mario Kris Kasalo
                                  Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
Tele 312- 726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com